IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DAVID E. MACK,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) CIVIL ACTION NO. _____ |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) ) ) ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Midland Credit Management, Inc. ("Midland"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, gives notice of the removal of this action from the Collin County Justice Court, Collin County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division. As grounds in support of this removal, Midland states as follows:

### I. INTRODUCTION

1. Plaintiff David E. Mack ("Plaintiff") commenced this action by filing a petition against Midland in the Collin County Justice Court, Collin County, Texas, Case No. 32-SC-15-00177 on or about June 8, 2015.

2. Plaintiff's petition asserts claims against Midland relating to an alleged call made to his cell phone using an automatic dialer without his consent. [*See generally* Petition.]

3. Based on these allegations, Plaintiff attempts to assert a federal claim against Midland under the Telephone Consumer Protection Act ("TCPA"). [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Midland based upon an alleged violation of the TCPA, which is a federal consumer protection statute. [*See* Petition; *see also* 47 U.S.C. § 227.] Accordingly, Plaintiff's TCPA claim arises under the laws of the United States and could have been originally filed in this Court. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) (holding that the Eleventh Circuit Court of Appeals erred in dismissing Plaintiff's TCPA claims for lack of federal subject matter jurisdiction because federal courts have § 1331 jurisdiction over claims that arise under federal law and the plaintiff's TCPA claims arise under federal law).

### III. ADOPTION AND RESERVATION OF DEFENSES

7. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Midland's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. PROCEDURAL REQUIREMENTS

8. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

9. Pursuant to 28 U.S.C. § 1446(a) and the Eastern District of Texas Local Rule CV-81, Midland has attached hereto the following materials:

- **Exhibit A:** A list of all parties in this case and the status of the State Court Action;

- **Exhibit B:** A civil cover sheet;

- **Exhibit C:** A certified copy of the state court Case Summary listing the documents filed in the state court record and a copy of all pleadings, process, and orders served upon Midland to date;

- **Exhibit D:** List of all counsel of record, including bar number, addresses, telephone numbers, and parties represented;

- **Exhibit E:** Notice of No Jury Request; and

- **Exhibit F:** A notation of the name and address of the State Court.

10. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Midland was served with process on August 24, 2015.

11. Midland has heretofore sought no similar relief.

12. The United States District Court for the Eastern District of Texas, Sherman Division, is the court and division embracing the place where this action is pending in state court.

13. Contemporaneously with the filing of this notice of removal, Midland has filed a copy of same with the clerk of the Collin County Justice Court, Collin County, Texas and a notice of filing notice of removal.  Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

14. Midland reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Midland prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Collin County Justice Court, Collin County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully submitted this 8th day of September, 2015.

        s/ Reid S. Manley
        Reid S. Manley
        Texas Bar No. 24047520
        BURR & FORMAN LLP
        420 North 20th Street, Suite 3400
        Birmingham, Alabama  35203
        Telephone: (205) 251-3000
        Facsimile: (205) 458-5100
        rmanley@burr.com

        Attorney for Defendant
        MIDLAND CREDIT MANAGEMENT, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 8th day of September, 2015:

David E. Mack
7720 McCallum Boulevard, #2099
Dallas, Texas 75252
Telephone: (972) 735-9642
Email: mack2001@swbell.com

                                                  s/ Reid S. Manley
                                                  OF COUNSEL